UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIF RAZZAQ RAJPUT,<br>Petitioner,<br>v.<br>TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement, et al.,<br>Respondents. | No. 1:26-cv-02332-KES-EGC (HC)<br>**FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS**<br>(Doc. 1)<br>[14-DAY DEADLINE] |

## I. INTRODUCTION

Petitioner Asif Razzaq Rajput, a civil immigration detainee proceeding through counsel, petitions for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his mandatory immigration detention. (Doc. 1). For the reasons set forth below, the undersigned RECOMMENDS that the petition be DENIED.

## II. BACKGROUND

Petitioner is a native and citizen of Pakistan who entered the United States without inspection on or about March 15, 2003. (Doc. 8 at 2). Following protracted immigration proceedings dating to 2004, Petitioner's removal case was administratively closed on October 14, 2021, and recalendared at the request of the Department of Homeland Security ("DHS") on October 16, 2025. (*Id.* at 3).

On September 4, 2025, Petitioner was convicted of a felony violation of California Penal Code section 115 for knowingly procuring or offering a false or forged instrument to be filed, registered, or recorded in a public office. (*Id.*). That same day, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner during a targeted enforcement operation. (*Id.*). Petitioner is currently detained at the California City Corrections Center. (Doc. 1 at 3). Respondents detain Petitioner under two asserted authorities: 8 U.S.C. § 1225(b)(2)(A), as an "applicant for admission," and 8 U.S.C. § 1226(c)(1)(A), as a noncitizen who has committed a crime involving moral turpitude ("CIMT"). (*See* Doc. 8 at 3).

Petitioner filed the instant petition on March 25, 2026, together with a motion for a temporary restraining order ("TRO"). (Docs. 1 & 3). On April 1, 2026, the assigned District Judge denied the TRO, concluding that Petitioner had not shown a likelihood of success because California Penal Code section 115(a) is a fraud offense and therefore a CIMT, triggering mandatory detention under section 1226(c)(1)(A), and referred the matter to the undersigned. (Doc. 9). After supplemental briefing, (Docs. 12, 14), Petitioner filed a status report advising that briefing is complete and requesting a written decision. (Doc. 16).

## III. LEGAL STANDARD

A district court has jurisdiction under 28 U.S.C. § 2241 to review the constitutionality of immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). To determine whether a conviction qualifies as a CIMT, the Court applies the categorical approach, which involves "compar[ing] the elements of the statute of conviction to the generic definition of a crime of moral turpitude and decide whether the conviction meets that definition." *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1212 (9th Cir. 2013) (citation omitted). "'[C]ourts and the [Board of Immigration Appeals] have generally defined [CIMTs] as comprising crimes that are inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general.'" *Id.* at 1212 (citing *Robles-Urrea v. Holder,* 678 F.3d 702, 708 (9th Cir. 2012)). "Such crimes are of two types: those involving fraud and those involving grave acts of baseness or depravity." *Id.*

//

## IV. DISCUSSION

### A. Petitioner Is Subject to Mandatory Detention Under Section 1226(c) Because a Violation of California Penal Code Section 115 Categorically Involves Moral Turpitude.

Fraudulent crimes categorically involve moral turpitude "simply by virtue of their fraudulent nature." *Planes v. Holder*, 652 F.3d 991, 997 (9th Cir. 2011). Section 115(a) provides that "[e]very person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony." Cal. Pen. Code § 115(a). The statute criminalizes the knowing submission of a false or forged instrument into the records of a public office. At minimum, the statute involves fraudulent conduct because it is a deliberate deception practiced upon the government through the introduction of a document the individual knows to be false or forged. Crimes in which fraud is an ingredient have consistently been treated as involving moral turpitude. *See Jordan v. De George*, 341 U.S. 223, 227-29 (1951) ("The phrase 'crime involving moral turpitude' has without exception been construed to embrace fraudulent conduct."). Accordingly, a violation of section 115 categorically involves moral turpitude, and Petitioner is subject to mandatory detention under section 1226(c)(1)(A).

Petitioner contends that the statutory minimum conduct here "technically" falls outside moral turpitude because there was no intent to deceive. Under the categorical approach, however, Petitioner must show more than a theoretical possibility that the statute reaches such conduct; he must demonstrate a "realistic probability, not a theoretical possibility, that the State would apply its statute in such a manner." *See United States v. Perez*, 932 F.3d 782, 788-89 (9th Cir. 2019) (citation omitted). Petitioner has not presented any further evidence or arguments to show that presenting a false instrument for filing in a public office falls outside moral turpitude. The knowing submission of a false instrument necessarily involves the deliberate deception that renders the offense a CIMT Petitioner's conduct is precisely the deliberate deception that renders the offense a CIMT.

The modified categorical approach does not alter this conclusion. "If the crime does not

qualify under the categorical approach, we apply the modified categorical approach and look to the documents within the record of conviction to see whether the conviction in the particular case involved moral turpitude." *Castrijon-Garcia*, 704 F.3d at 1212 (citation omitted). As Petitioner points out, this approach is available only where a statute is divisible into discrete offenses with distinct elements. *See Descamps v. United States*, 570 U.S. 254 (2013). Petitioner further states that section 115 is indivisible. Nonetheless, because the conduct proscribed by section 115 categorically involves moral turpitude, the Court need not resolve whether the statute is divisible or resort to the modified categorical approach.

Because section 1226(c)(1)(A) supplies a valid statutory basis for Petitioner's mandatory detention, the Court need not, and does not, reach Respondents' alternative contention that Petitioner is independently subject to mandatory detention under section 1225(b)(2)(A) as an applicant for admission.

**B. Petitioner Has Not Established That the Duration of His Detention Violates Due Process.**

The District Judge previously observed that Petitioner's motion did not meaningfully address the statute governing his detention or establish a likelihood of success on any argument that the length of his detention exceeds constitutional limits. (Doc. 9.) Petitioner's subsequent reply likewise re-argued only whether section 115 is a CIMT and did not develop any challenge to the duration of his detention, identify the governing test, or marshal facts bearing on the factors courts have considered in evaluating such claims. Accordingly, Petitioner has not carried his burden of showing that his continued detention has become unreasonably prolonged in violation of due process.

## V. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus (Doc. 1) be **DENIED**.

These Findings and Recommendation are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 16, 2026**

Erin Sug Castillo
UNITED STATES MAGISTRATE JUDGE