UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIF RAZZAQ RAJPUT (A-Number: 097-864-523),<br>Petitioner,<br>v.<br>TODD M. LYONS, et al.,<br>Respondents. | No. 1:26-cv-02332-KES-EGC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND REFERRING BACK TO MAGISTRATE JUDGE AS TO PETITIONER'S PROLONGED DETENTION CLAIM<br><br>Doc. 17 |

Petitioner Asif Razzaq Rajput is an immigration detainee proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 16, 2026, the assigned magistrate judge issued findings and recommendations that recommended denying the petition on the grounds that petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c). Doc. 17. The findings and recommendations also denied petitioner's prolonged detention claim, but it did not fully consider the arguments petitioner raised on this issue in his petition. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. On July 28, 2026, petitioner filed objections. Doc. 18. In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo.

Having carefully reviewed the file, including petitioner's objections, the court adopts the findings and recommendations insofar as they find that petitioner has failed to show that he is

detained under 8 U.S.C. § 1226(a) rather than § 1226(c). Petitioner argues in his objections that the findings and recommendations erred in concluding that his prior conviction under California Penal Code § 115(a), for knowingly procuring or offering any false or forged instrument to be filed, registered, or recorded in a public office, was a crime involving moral turpitude. Doc. 18. 8 U.S.C. § 1226(c)(1)(A) mandates the detention of those who have committed a crime involving moral turpitude. See 8 U.S.C. § 1226(c)(1)(A); 8 U.S.C. § 1182(a)(2)(A)(i)(I). But, while petitioner correctly notes that a specific intent to defraud is not an element of a violation of Penal Code § 115, the offense requires knowledge "that the [document] was false or forged when [petitioner] procured or offered it for recordation." *People v. Abrahamian*, 45 Cal. App. 5th 314, 327 (Cal. Ct. App. 2020).

The findings and recommendations reasonably determined that knowing procurement or submission of a false or forged instrument, for purposes of official recording, necessarily involves the type deliberate deception that constitutes a crime of moral turpitude. *See Matter of Flores*, 17 I. & N. Dec. 225, 230 (BIA 1980) (crime of uttering and selling counterfeit papers relating to registry of aliens is crime of moral turpitude because "selling false or counterfeit paper relating to registry of aliens with knowledge of their counterfeit nature inherently involves a deliberate deception of the government and an impairment of its lawful functions."); *Souza v. Ashcroft*, No. C00-4246MMC, 2001 WL 823816 (N.D. Cal. July 16, 2001) (persons convicted of crime of selling false or counterfeit social security cards have committed crime of moral turpitude).

In his objections, petitioner also argues that the magistrate judge failed to fully consider his prolonged detention claim, which he raised in his petition. Doc. 18 at 3; *see also* Doc. 1. The findings and recommendations relied in part on the court's April 1, 2026, order denying petitioner's motion for temporary restraining order ("TRO"), but the court's April 1 order addressed solely petitioner's TRO motion, which was not based on a prolonged detention claim. However, petitioner asserted a prolonged detention claim in his petition. Doc. 1 at 16.

The court agrees that the findings and recommendations failed to adequately consider petitioner's prolonged detention claim raised in his petition, and the court declines to adopt the finding and recommendations with respect to the prolonged detention claim. This matter is

referred back to the assigned magistrate judge for further proceedings consistent with this Order.

Accordingly,

1. The Court adopts in part the findings and recommendations (Doc. 17), as set forth above;
2. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this Order, and specifically for further consideration of petitioner's prolonged detention claim.

IT IS SO ORDERED.

Dated: August 16, 2026

UNITED STATES DISTRICT JUDGE